UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLIFORD PETIT BOIS,

Petitioner,

v. Case No.: 2:26-cv-03037-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

___________________________________/

**OPINION AND ORDER**

Before the Court is Cliford Petit Bois's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Petit Bois is a native and citizen of Haiti who entered the United States in August 2021. He has work authorization, a pending asylum claim, and no criminal history. On October 25, 2026, local police arrested him during a traffic stop because of his immigration status. Petit Bois states the arrest occurred at 5:20 but does not clarify if it was A.M. or P.M. Either way, Petit Bois was not in removal proceedings at the time of his arrest. Immigration and Customs Enforcement issued a notice to appear (NTA) at about 9:00 P.M. (the exact time on the electronic signature is not legible). The NTA lists Glades County Detention Center as Petit Bois's address, though he was not transferred there

until October 28, 2026. On November 18, 2026, Immigration Judge Liviu Lungu denied Petit Bois's request for release on bond with a generic order.

The allegations in Petit Bois's habeas petition are minimal, but the Court construes it liberally because he filed it *pro se*. *See United States v. Ogiepolor*, 122 F.4th 1296, 1304 (11th Cir. 2024). Petit Bois claims the only explanation he received for the arrest was that he is "illegal," even though he has work authorization and a pending asylum claim. The Court construes the allegations as a Fifth Amendment challenge to the process Petit Bois received when he was arrested and detained. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When

a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Petit Bois the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

There was no legal basis for the arrest because Petit Bois was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. Petit Bois has no criminal history, and the government does not claim he has ever attempted to evade immigration authorities or law enforcement. On the contrary, he has engaged with the government to obtain work authorization and apply for asylum. The government provides no reason for urgency here.

The government violated Petit Bois's right to due process by arresting him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Cliford Petit Bois's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Petit Bois within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record